RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
JACQUELYN N. WITT
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Jackie_Witt@fd.org

Attorney for Walter Pinto-Mejia

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>WALTER PINTO-MEJIA,<br><br>        Defendant. | Case No. 2:23-mj-00211-BNW<br><br>**STIPULATION TO CONTINUE PRELIMINARY HEARING**<br>(First Request) |

      IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Edward G. Veronda, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Jacquelyn N. Witt, Assistant Federal Public Defender, counsel for Walter Pinto-Mejia, that the Preliminary Hearing currently scheduled on March 31, 2023, be vacated and continued to a date and time convenient to the Court, but no sooner than sixty (60) days.

      This request requires that the Court extend two deadlines: (1) that a preliminary hearing be conducted within 14 days of a detained defendant's initial appearance, see Fed. R. Crim. P. 5.1(c); and (2) that an information or indictment be filed within 30 days of a defendant's arrest, see 18 U.S.C. § 3161(b).

1. The United States Attorney's Office has developed an early disposition program for immigration cases, authorized by the Attorney General pursuant to the PROTECT ACT of 2003, Pub. L. 108-21.

2. The early disposition program for immigration cases is designed to: (1) reduce the number of hearings required in order to dispose of a criminal case; (2) avoid having more cases added to the court's trial calendar, while still discharging the government's duty to prosecute federal crimes; (3) reduce the amount of time between complaint and sentencing; and (4) avoid adding significant time to the grand jury calendar to seek indictments in immigration cases, which in turn reduces court costs.

3. The government has made a plea offer in this case that requires defendant to waive specific rights and hearings in exchange for "fast-track" downward departure under USSG § 5K3.1. This offer will be withdrawn if it is not timely accepted before this matter is indicted and before a preliminary hearing is held.

4. Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody . . . ."

5. However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

6. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7. Defense counsel requires additional time to discuss the fast-track offer with Mr. Pinto-Mejia and review discovery.

8. Accordingly, the parties jointly request that the Court schedule the preliminary hearing in this case no sooner than 60 days from today's date.

9. Defendant is in custody and agrees to the extension of the 14-day deadline imposed by Rule 5.1(c) and waives any right to remedies under Rule 5.1(c) or 18 U.S.C. § 3161(b), provided that the information or indictment is filed on or before the date ordered pursuant to this stipulation.

10. The parties agree to the extension of that deadline.

11. This extension supports the public interest in the prompt disposition of criminal cases by permitting defendant to consider entering into a plea agreement under the United States Attorney's Office's fast-track program for § 1326 defendants.

12. Accordingly, the additional time requested by this stipulation is allowed under Federal Rule of Criminal Procedure 5.1(d).

13. In addition, the parties stipulate and agree that the time between today and the scheduled preliminary hearing is excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

14. This is the first request for an extension of the deadlines by which to conduct the preliminary hearing and to file an indictment.

DATED this 28th day of March, 2023.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| By */s/ Jacquelyn N. Witt*<br>JACQUELYN N. WITT<br>Assistant Federal Public Defender | By */s/ Edward G. Veronda*<br>EDWARD G. VERONDA<br>Assistant United States Attorney |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALTER PINTO-MEJIA,<br><br>　　　　　Defendant. | Case No. 2:23-mj-00211-BNW<br><br>**ORDER ON STIPULATION TO EXTEND DEADLINES TO CONDUCT PRELIMINARY HEARING AND FILE INDICTMENT** |

　　　Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

　　　IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled on March 31, 2023 at the hour of 4:00 pm be vacated and continued to June 6, 2023 at 1:00 p.m.

　　　DATED: March 29, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4